14-3528
*Danis v. Moody's Corp. et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of January, two thousand sixteen.

PRESENT: RALPH K. WINTER,
      RICHARD C. WESLEY,
      CHRISTOPHER F. DRONEY,
           *Circuit Judges.*

_____

JOSEPH P. DANIS,

        *Plaintiff-Appellant,*

    -v.-               No. 14-3528

MOODY'S CORPORATION, MOODY'S INVESTORS
SERVICE, INC., RAYMOND W. MCDANIEL, JR.,
MICHAEL KANEF, BRIAN M. CLARKSON,
ERNST & YOUNG, LLP,

        *Defendants-Appellees.*[*]

_____

---

[*] The Clerk of Court is respectfully requested to amend the caption as set forth above.

FOR APPELLANT:     JEFFREY J. LOWE, Jeffrey J. Lowe, P.C., St. Louis, MO.

FOR APPELLEES:     JAMES J. COSTER (Joshua Rubins, *on the brief*), Satterlee Stephens Burke & Burke LLP, New York, NY, *for the Moody's Defendants.*

Appeal from the United States District Court for the Southern District of New York (Kaplan, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Joseph P. Danis ("Danis") appeals from the judgment of the United States District Court for the Southern District of New York denying Danis leave to amend his complaint as to Defendants-Appellees Moody's Investors Service, Inc., Moody's Corporation, Raymond W. McDaniel, Jr., Michael Kanef, and Brian M. Clarkson (collectively, "Moody's" or "Moody's Defendants") and dismissing with prejudice Danis's complaint as to Defendant Ernst & Young for failure to state a claim.

Ernst & Young and Moody's (collectively, "Defendants") moved to dismiss Danis's complaint on January 6, 2012, and March 14, 2012, respectively. While

2

Danis filed an opposition to Moody's motion, he never filed any opposition to Ernst & Young's. On December 3, 2013, the District Court ordered Danis to show cause why his action against Defendants should not be dismissed without prejudice for failure to prosecute. Danis objected to dismissal as to Moody's but stated that he had no objection to dismissal without prejudice as to Ernst & Young.

In a June 5, 2014 order ("Pretrial Order No. 87"), the District Court dismissed Danis's complaint as to Moody's with leave to amend but dismissed Danis's complaint as to Ernst & Young *with prejudice*. Danis then moved for leave to amend his complaint as to Moody's and also moved for reconsideration of the dismissal of his complaint as to Ernst & Young, arguing that he had consented only to dismissal *without* prejudice and requesting that the District Court modify its dismissal order accordingly.

In an August 19, 2014 order ("Pretrial Order No. 95"), the District Court denied as futile Danis's motion for leave to amend his complaint as to Moody's but granted Danis's motion for reconsideration as to Ernst & Young's dismissal with prejudice, recognizing that "it was inappropriate to grant [Ernst & Young's] motion to dismiss simply because Danis failed to respond to it or to dismiss with

prejudice for failure to prosecute." App'x 15. On reconsideration, however, the court concluded that Danis's claim against Ernst & Young failed as a matter of law and, thus, the court nonetheless dismissed the complaint with prejudice. This renewed dismissal, thus, effectively denied as futile leave to amend as to Ernst & Young. While ordinarily "we review denial of leave to amend under an 'abuse of discretion' standard, when the denial of leave to amend is based on a legal interpretation, such as a determination that amendment would be futile, a reviewing court conducts a *de novo* review." *Smith v. Hogan*, 794 F.3d 249, 253 (2d Cir. 2015) (alterations omitted). Here, we find no error in the District Court's denials of leave to amend.

We have considered all of Danis's remaining arguments and find them to be without merit. Accordingly, for the reasons set forth above, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4